# Alabama Midland Railway Company v. Horn.

*Action against Common Carrier for Damages for Personal Injury.*

[Decided December 20, 1901.]

1. *Passenger attempting to board moving train; invitation of defendant's employe; stopping reasonable time at station; pleading.*—Where, in an action by a passenger against a common

carrier for damages, the negligence counted on in the complaint consisted in the fact that, at the instant plaintiff was thrown by the starting of the train, she was attempting to board it as a passenger by invitation of an agent or servant of defendant having authority to extend such invitation, a plea is insufficient which alleges that defendant's said train had stopped at said station for a reasonable length of time sufficient for plaintiff to have gotten on safely by the use of due care and diligence, as, if plaintiff was induced to make the attempt by defendant's immediate invitation, it was defendant's duty to hold the train until she could do so with safety.

2. *Same; invitation by employe to board train; getting on without conductor's knowledge; person in charge of train; pleading.* In such case, pleas averring that plaintiff got on the train without the knowledge of the conductor or person in charge of the train, are insufficient in that they fail to negative the averment in the complaint that plaintiff attempted to board the train "by invitation of an agent or servant of defendant having authority to extend such invitation."

APPEAL from Crenshaw Circuit Court.

Tried before Hon. J. W. FOSTER.

Action by Carrie F. Horn against appellant to recover damages for personal injuries. The complaint alleged that she had purchased a ticket authorizing her transportation as a passenger over defendant's road from Patsburg to Luverne, and "that, after plaintiff had purchased said ticket, defendant's train of cars, on its way to Luverne, stopped at Patsburg for passengers to get on and off; that when it stopped plaintiff attempted to board said train by invitation of the agent or servant of defendant who had authority to extend such invitation, and while in the act of doing so, defendant, through its agents or servants, negligently caused said train to be put in motion, thereby causing plaintiff to fall or be thrown from said train," causing the injuries and damage complained of.

The defendant filed pleas numbered A, B, C, D, E and F, plea A being the general issue and E a plea of contributory negligence in short. The trial was had upon issue joined on these pleas, demurrers having been sustained to pleas B, C, D, and F. These pleas are as

follows: "(B.) That defendant's said passenger train at said station was stopped for a reasonable length of time at said station of Patsburg sufficient to have permitted the plaintiff to have gotten on safely by the exercise of due care and diligence." "(C.) That defendant brought said passenger train to a standstill at said station of Patsburg for a length of time reasonably sufficient to enable pasengers to get on and off by the exercise of due care and diligence on their part, and that defendant's agent in charge of said train did not see or know that plaintiff was about to board said train at the time of said alleged occurrence for which plaintiff sues." "(D.) That Patsburg was a small village of about 100 inhabitants September 20, 1894; that it is without municipal government, has neither gas, electric or other out-door light; that defendant at said time had erected a station house and attachments amply sufficient for the place, its travel and business, and was constructed with as much care as is required and observed at similar places by well regulated railroads; that defendant had lights in said station for the benefit of passengers to get on and off defendant's trains; that plaintiff and the public generally were well acquainted with said station house and approaches; that on arrival of said train at said station defendant's conductor in charge of said train brought the same to a standstill for a reasonably sufficient length of time to enable passengers to get on and off said train; that plaintiff came up and stood within a few feet, on the dark side of said train, i. e., across from the station, after it had stopped, for a minute or two, accompanied by her brother-in-law, but did not get on said train, or attempt to get on said train, until it started, holding at the time a child in her arms, preventing the free use of her hands; that plaintiff approached the train on the side away from it, across from the station, was not seen by the conductor in charge of said train, who was there at said station ready to assist passengers off and on said train, and said conductor had no knowledge or information that plaintiff was attempting to get on said train when he ordered same to move." "(F.) Defendant's said train stopped at said station of Patsburg on said 20th day of Septem-

ber, 1894, on its arrival for one or two minutes, and that plaintiff was standing within a few feet of said train; that plaintiff did not attempt to board said train for one or two minutes, and that defendant's conductor in charge of said train did not know or have notice that plaintiff was about to board said train at the time of said alleged accident."

Plaintiff demurred to all said pleas separately, (1st) because "it is not an answer to the entire count; (2d) because it fails to answer that part of the first count which avers that plaintiff attempted to board said train by invitation of the agent or servant of defendant who had authority to extend such invitation." Plaintiff also filed additional grounds of demurrer to pleas D and F as follows: To plea D, "Because it fails to allege that the conductor in charge of said train was the person at whose invitation plaintiff attempted to board defendant's train." To plea F, (1st) "Because said plea fails to allege that the time for which defendant's train stopped at its station was of such reasonable length as to enable plaintiff to have gotten on defendant's train safely by the exercise of due care and diligence. (2d.) Said plea fails to allege that the conductor in charge of said train was the person at whose invitation plaintiff attempted to board defendant's train." These demurrers were sustained, and defendant assigns the rulings thereon as error.

A. A. WILEY, for appellant, argued that the allegation of the complaint that plaintiff attempted to board the train by invitation of "defendant's agent, who had authority to extend such invitation," was negatived by the averments of the plea that the conductor had no knowledge that plaintiff was attempting to board the train, and did not see her,—he being the only agent charged by law with the duty of inviting passengers to board trains. He cited in support of said pleas, genererally, *Montgomery & Eufaula R. R. Co. v. Stewart*, 91 Ala. 421; *Birmingham Union Ry. Co. v. Smith*, 90 Ala. 60; *Detroit, etc., R. R. Co. v. Carter*, 23 Wis. 152; 99 Am. Dec. 141; *Moner v. Central Park, etc., R. Co.*, 69

N. Y. 52; Shearman & Redf. on Neg., Vol. 2, § 510; *Ruben v. Ry. Co.,* 35 N. W. Rep. 645; *Strauss v. Ry. Co.,* 75 Mo. 185; *A. G. S. Ry. Co. v. Arnold,* 84 Ala. 170; *Ry. Co. v. Peters,* 30 Am. & Eng. R. R. Cases, 601. He further argued that plea D was a plea of contributory negligence, and cited in support of it, *A. G. S. R. R. Co. v. Arnold,* 84 Ala. 170; *Lilley v. Fletcher,* 81 Ala. 234; *R. R. Co. v. Schaufler,* 75 Ala. 136; *R. R. Co. v. Johnson,* 79 Ala. 436; Shearman & Redf. on Neg., 7, note 1; *R. R. Co. v. McKellar,* 59 Ala. 458; *R. R. Co. v. Ruckell,* 85 Ala. 601; *Milligan v. W. U. Tel. Co.,* 110 N. Y. 103; *Hide v. Moffatt,* 16 Vermont 271.

D. M. POWELL, *contra,* argued that if there was any error in sustaining the demurrer to said pleas it was without injury, as the defendant had the benefit of all the evidence pertinent to said pleas on the trial, on the plea of the general issue and contributory negligence, citing *A. G. S. R. R. Co. v. Davis,* 119 Ala. 582; *Pellican Ins. Co. v. Smith,* 92 Ala. 428; *Booth v. Dexter Steam Fire Engine Co.,* 118 Ala. 369; *Holmes v. Bank of Fort Gaines,* 120 Ala. 493; *Tutwiler v. McCarty,* 121 Ala. 356.

SHARPE, J.—By the first count of the complaint on which the case was tried negligence is predicated mainly upon the alleged fact that at the instant plaintiff was thrown by starting of the train, she was attempting to board it as a passenger by invitation of an agent or servant of defendant having authority to extend such invitation. This material averment was not negatived by either of the pleas to which demurrers were sustained. If plaintiff was induced to make the attempt by defendant's immediate invitation, defendant was under the duty of holding the train until she could do so safely, and this notwithstanding it may have, as averred in plea B, stopped sufficiently long for her to accomplish that end.—*Montgomery & Eufaula R. Co. v. Stewart,* 91 Ala. 421; *Birmingham Union Railway Co. v. Smith,* 90 Ala. 60; *Detroit, etc., R. Co. v. Carter,* 23 Wis. 152, 99 Am. Dec. 141; *Moher v. Central Park, etc., R. R. Co.,* 69 N. Y. 52. The same principle applies though plaintiff may,

as averred in pleas C, D and F, have been attempting to get on without knowledge of the conductor or person in charge of the train. *Non constat* whether the servant averred to have been acting in this instance was some servant other than the conductor or person in charge of the train, having entrusted to him the duty of receiving and inviting passengers aboard in such way as to bind defendant for negligence in that regard and in respect of starting the train before receiving his signal. For lack of such negation if for no other reason, the special pleas referred to were each subject to the demurrers interposed to them respectively and the court's action in sustaining those demurrers was free from error.

The judgment will be affirmed.

*Action against Common Carrier for Injuries to Passenger.*